UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXPOWER SEMICONDUCTOR, INC., <br> Plaintiff, <br> v. <br> ROHM SEMICONDUCTOR USA, LLC, <br> Defendant. | Case No. 21-cv-07153-VC <br><br> **ORDER GRANTING PETITION TO COMPEL ARBITRATION** <br><br> Re: Dkt. No. 1 |

      The Technology License Agreement between MaxPower and Rohm delegates the question of arbitrability to the arbitrator. As a result, this Court dismissed the declaratory judgment action that Rohm filed against MaxPower in the Northern District of California. *See Rohm Semiconductor USA, LLC v. MaxPower Semiconductor, Inc.*, 2021 WL 822932 (N.D. Cal. Feb. 4, 2021). Rohm nonetheless continues to pursue invalidation of MaxPower's patents before the Patent Trial and Appeal Board (PTAB). Thus, MaxPower now petitions this Court for an order requiring Rohm to halt its effort to convince the PTAB to invalidate the patents. For the reasons discussed in this ruling and at the hearing, the petition is granted. Because it is for the arbitrator to decide in the first instance whether the patent dispute is subject to arbitration, Rohm may not seek adjudication of the dispute in any other forum until that decision has been made. Given the time-sensitive nature of the issue, this ruling assumes that the reader is familiar with the facts, the case history, and the applicable legal standards.

      The Supreme Court has held that "[w]hen parties agree to arbitrate all questions arising under a contract," there is no "distinction between judicial and administrative proceedings"—each infringes upon the parties' agreement to arbitrate. *Preston v. Ferror*, 552 U.S. 346, 359

(2008). The command that arbitration agreements "shall be valid, irrevocable, and enforceable" in contracts involving a patent therefore applies with equal force to administrative adjudications. 35 U.S.C. § 294. Because the parties have delegated the question of arbitrability to the arbitrator, whether the patent disputes before the PTAB fall within the scope of the arbitration agreement must be determined by the arbitrator in the first instance.

Rohm argues that it is unnecessary to grant MaxPower's petition (which it styled a "petition to compel arbitration") because the parties are already in arbitration. But the fact that the parties have already begun to arbitrate does not prevent this Court from granting relief necessary to effectuate the parties' arbitration agreement. If Rohm had initiated a lawsuit in state court as well as this Court, this Court could have ordered a stay of the state court litigation in furtherance of its ruling compelling the parties to arbitration. *See, e.g.*, *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002) (upholding the district court's grant of a petition to compel arbitration and stay of related state court action); *Terminix International Co. v. Palmer Ranch Limited Partnership*, 432 F.3d 1327, 1333 (11th Cir. 2005) (reversing the district court's denial of a motion to compel arbitration and instructing the district court to stay related state court proceedings on remand); *McGuire, Cornwell & Blakey v. Grider*, 765 F. Supp. 1048, 1052 (D. Colo. 1991) (granting a petition to compel arbitration and ordering the stay of related state court proceedings); *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1127–28 (C.D. Cal. 2015) (same). That the proceeding at issue here is before the PTAB, rather than a state court, makes no difference; an injunction ordering Rohm to stand down in the non-arbitral forum until the arbitrator determines whether the patent disputes fall within the scope of the parties' arbitration agreement is appropriate in either situation.

If the PTAB adjudications go forward, "the advantages of arbitration—speed and economy—are lost forever." *Finastra USA Corp. v. Zepecki*, 2018 WL 1989508, at *5 (N.D. Cal. Mar. 9, 2018) (quoting *Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)); *see also Preston v. Ferrer*, 552 U.S. 346, 357 (2008) (recognizing that the availability of arbitration only after an agency adjudication "would likely be long delayed, in contravention of

Congress' intent 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible'") (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22 (1983)); *id.* ("A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'") (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633 (1985)). Thus, MaxPower has demonstrated irreparable harm. *Cf. Dodocase VR, Inc. v. MerchSource, LLC*, 2018 WL 1475289, at *11 (N.D. Cal. Mar. 26, 2018) (recognizing the "hardships [] manifest in the need to defend a challenged patent on multiple fronts at the same time" in the face of a bargained-for forum-selection agreement as irreparable harm). The Federal Circuit's decision denying MaxPower relief *in In re MaxPower Semiconductor, Inc.* does not suggest otherwise. 13 F.4th 1348 (Fed. Cir. 2021). There, the court's recognition that no rights would be "irretrievably lost in the absence of an immediate appeal" was in the context of a request for review under the collateral order doctrine—a distinct standard from the irreparable harm finding necessary to warrant injunctive relief. *Id.* at 1351 (quoting *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013)). Similarly, the court's denial of MaxPower's mandamus petition was based upon the court's finding that MaxPower had not demonstrated that the PTAB had "clearly and indisputably exceeded its authority"—not to mention the fact that an alternative remedy was available for MaxPower (namely, an action in this Court). *Id.* at 1352 & n.1. Additionally, the public interest is served by the enforcement of valid arbitration agreements. *See Macquaries Holdings USA v. Rode*, 2012 WL 12882417, at *4 (C.D. Cal. Jan. 17, 2012); *Del Rio v. Creditanswers, LLC*, 2010 WL 3418430, at *5 (S.D. Cal. Aug. 26, 2010). Therefore, injunctive relief is warranted.

    To be clear, this Court is not enjoining the PTAB from doing anything; it is ordering Rohm to seek a stay or dismissal of the PTAB proceedings while arbitration is pending. It may well be that a federal district court has the authority to directly enjoin the PTAB from adjudicating the validity of a patent in a circumstance like this, just as it has authority to enjoin state court proceedings in furtherance of an order compelling arbitration. But there is no need to

explore that question now. MaxPower has clarified that it merely seeks an order curtailing Rohm's own conduct to ensure that Rohm honors the terms of its arbitration agreement. Rohm is therefore ordered to withdraw its two recently filed IPR petitions (IPR2021-01524 and IPR2021-1525) within 7 days. Also within 7 days, Rohm is ordered to join with MaxPower in filing a motion with the PTAB seeking a stay or dismissal of the four IPR proceedings instituted on April 15, 2021 (IPR2020-01674, IPR2020-01675, IPR2020-01676, and IPR 2020-01677). The motion shall request a stay in a first instance but shall indicate that, in the event the PTAB is not inclined to grant a stay, the parties request dismissal. In the event the arbitrator determines that the patent disputes between MaxPower and Rohm are not subject to arbitration, Rohm may resume its effort to seek invalidation of MaxPower's patents.

**IT IS SO ORDERED.**

Dated: October 29, 2021

VINCE CHHABRIA
United States District Judge